IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS; EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: | ) | CHAPTER 13 |
| | ) | |
| ROBERT GACUTA | ) | NO. 09-31485 |
| | ) | |
| Debtor. | ) | Judge A. BENJAMIN GOLDGAR |

## NOTICE OF MOTION

TO:   *Served Electronically:*

MARILYN MARSHALL:224 S. Michigan Ave.; Suite 800, Chicago, IL 60604
PATRICK S. LAYING: Office of the Chapter 13 Trustee, Region 11, 219 S. Dearborn   Street, Room 873, Chicago, IL  60604
*Served by Mail*
ROBERT GACUTA ; 3920 Dundee Road, Northbrook, IL  60062
OCWEN LOAN SERVICING, LLC; Attn: Home Retention Department, 1661  Worthington Road, Suite 100, West Palm Beach, FL  33409
Bank of America Loan Servicing, 450 America Street, Simi Valley, California, 93065
Christopher M. Brown, Pierce and Association, P.C. 1 North Dearborn Street, Suite 1300 Chicago, IL  60602
Mortgage Electronic and Registration Systems, 1818 Library Street, Suite 300, Reston, Va. 20190

PLEASE TAKE NOTICE that on April 9, 2013 at 9:30am, I shall appear before the Honorable A. BENJAMIN GOLDGAR or any other Judge sitting in his place and stead, at the Federal Court Building located at 219 South Dearborn Street, Chicago, Illinois in Courtroom 642 and then and there present the attached Motion.

*/s/ Debra J. Vorhies Levine*
DEBRA J. VORHIES LEVINE

## AFFIDAVIT OF SERVICE

The undersigned attorney hereby certifies that (s)he served a copy of the attached motion and this Notice of Motion on the above named person(s) by placing a copy of same in an envelope addressed as stated above, postage prepaid, and placing same in the U.S. Mail on April 2, 2013 before 5:00 p.m.

*/s/ Debra J. Vorhies Levine*
DEBRA J.VORHIES LEVINE

DEBRA J. VORHIES LEVINE
DVL LAW OFFICES, LLC
53 W. Jackson Boulevard; Suite 1001
Chicago, Illinois 60604
(312) 880-0224
ARDC NO.: 6239484

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS; EASTERN DIVISION

IN RE:                                   )    CHAPTER 13
                                         )
    ROBERT GACUTA                      )    NO. 09-31485
                                         )
        Debtor.                    )    Judge A. BENJAMIN GOLDGAR

## MOTION FOR CIVIL CONTEMPT & DAMAGES PURSUANT TO 362(k) AGAINST DEFENDANT

NOW COMES, the DEBTOR, ROBERT GACUTA, by and through his attorney, DEBRA J. VORHIES LEVINE, of DVL LAW OFFICES, and in support of his Motion for Civil Contempt & 362(k) Damages against Defendant avers as follows:

1. On August 26, 2009, Debtor filed the above captioned voluntary petition for relief under Chapter 13 of the United States Bankruptcy Code.
2. The Court has jurisdiction to hear this matter under 28 U.S.C. §1334, since it arises in this case and is related to it. This proceeding is a core proceeding.
3. Venue is proper pursuant to 28 U.S.C. § 1409(a)
4. Upon the filing of this case and pursuant to 11 U.S.C. §301 an order for relief was entered on August 26, 2009 in this case and pursuant to 11 U.S.C. §362(a) the automatic stay went into effect as a result of the order for relief, which prevents the continuance of any judicial process that is an attempt to collect a debt.
5. This case was confirmed on December 8, 2009.
6. According to the terms of the Chapter 13 plan, a property located at 850 Keystone Circle, Northbrook, IL 60062, (hereinafter is referred to as the "Keystone property) was surrendered.
7. Bank of America Home Loan Services, , ("hereinafter referred to as BOA") located at 450 American Street, Simi Valley, California, 93065-0000, loan number 168863400 sent a letter to the Debtor on August 4, 2012 demanding payment. After that communication, there were no more.
8. According to the bankruptcy documents, the original loan balance was $307,000. However, (BOA) never filed a proof of claim.

9. On September 9, 2009, a Motion for Relief was filed against the Keystone Property by BOA and the motion was granted on October 6, 2009.
10. Prior to the granting of the Motion for Relief, BOA, on September 22, 2009, transferred the mortgage to Mortgage Electronic Registration Systems, Inc. This transaction is recorded with the Cook County Recorder of Deeds. This is a violation of the Automatic Stay.
11. On October 1, 2010, the mortgage was again transferred to an unknown subject. The Cook County Recorder of Deeds only registers this transaction as a "Contract.:"
12. On information and belief, Mortgage Electronic Registration systems transferred their loan to Ocwen Loan Servicing, LLC (hereinafter referred to "Ocwen,") sometime before or after the date of BOA's last letter, Ocwen started harassing the Debtor. A letter of transfer from BOA to either Mortgage Electronic Registration System's, or to Ocwen was never entered with the Bankruptcy Court.
13. Even before BOA transferred the loan to Mortgage Electronic Systems, Inc, Ocwen, on August 8, 2012 started sending threatening letters to the Debtor and has never stopped since. Attached as Exhibit "A."
14. Ocwen has been informed by my client, on several occasions, that they were surrendering the Keystone property and that he was in a Chapter 13 Bankruptcy.
15. The communications from the client did not stop Ocwen from continuing to harass them by sending communications in the mail. They continued to send threatening letters to the Debtor on August 9, 2012, attached as Exhibit "B," August 14, 2012, attached as Exhibit "C," August 15, 2012, attached as Exhibit "D," August 19, 2012, attached as Exhibit "E," September 17, 2012, attached as Exhibit "F," October 13, 2012 attached as Exhibit "G", October 31, 2012, attached as Exhibit "H", November 3, 2012, attached as Exhibit "I," November 19, 2012, attached as Exhibit "J, December 5, 2012, attached as Exhibit "K," December 6, 2012, attached as Exhibit "L" December 17, 2012, attached as Exhibit "M" December January 17, 2013, attached as Exhibit "N," January 23, 2013, attached as Exhibit "O," February 1, 2013, attached as Exhibit "P," February 18, 2013, attached as Exhibit "Q," February 22, 2013, attached as Exhibit "R," February 26, 2013, attached as Exhibit "S," and February 27, 2013, attached as Exhibit "T."
16. It is practically impossible that Ocwen did not know that the Debtor was in the middle of a Chapter 13 bankruptcy. Either they turned their heads and did not consider the potential

bankruptcy or did not even question either BOA or Mortgage Electronic Systems as to the state of the mortgage or that the property in question was in bankruptcy.

17. My client claims that he disputed the claim of BOA with all three credit reporting agencies, the report was removed. Subsequently his credit started to improve. He checks his credit on a regular basis. Then on February 14. 2013, my client received an alert that a new creditor, in this case Ocwen, filed a report with the credit reporting agencies. An updated credit report showed that his credit had declined.

18. Our office was just recently informed by our clients of the continuing harassment by Ocwen; As a result, Ocwen was notified by fax by sending a copy of the Automatic Stay to Ocwen, attached as Exhibit "V."

19. When the client originally filed bankruptcy, his credit score was 506, see the copy of his original credit report attached as Exhibit "W." After that his credit continued to rise. We cannot get evidence of all of the prior credit reports, but we do have the most recent ones. Experian, shows a credit score of 588, Equifax shows a credit score of 575, and Transunion shows a credit score of 634, see Exhibit "X." It is interesting that Transunion has the highest credit score and has Ocwen has never filed a collection notice with them. The credit score reflected by Transunion is 128 points higher than when the client first filed bankruptcy.

20. Debtor has also incurred the stress and worry associated with the continued threats by Ocwen, and there transmittal to the credit reporting agencies that they had an outstanding debt. This client fears that the debt from Ocwen would not be discharged in his bankruptcy.

21. Debtor has continued to incur expenses, including attorney's fees and costs, and have caused him and his wife to incur additional anxiety.

22. All of said allegations are a violation of the order for relief entered upon filing the bankruptcy case pursuant to 11 U.S.C. § 362.

23. By violating the order for relief, Ocwen, Mortgage Electronic Systems, and BOA have all violated the Automatic Stay in one form or another and should be held in civil contempt of this Court.

24. Debtor is close to the conclusion of his case and would like this issue settled forever.

25. In addition, Debtor's attorney, Debra J. Vorhies Levine, of DVL LAW OFFICES, LLC has had to expend <u>13 hours and 45 minutes</u> of work TO DATE preparing affidavits and motions and appearing before the court. Debtor's attorney regularly charges $250 per hour for her

services, outside of the regular flat fee representation restrictions. Additionally, Debtor's attorney has expended certain reasonable costs associated with the case in the amount of _____. An itemization of attorney time will be brought as a Motion for Damages should the Court rule in Debtor's favor.

26. Pursuant to Local Rule 9020-1, an award of reasonable attorney's fees and costs are proper where a party is found in civil contempt.

27. Therefore, this Court should sanction BOA, Mortgage Electronic Systems, and Ocwen for a willful and wanton violation of the Automatic Stay. Any motion for civil contempt must include an affidavit of the Debtor, stating the facts behind the request for civil contempt and the itemized monetary amount by which the Debtor was damaged.

28. Attached hereto and incorporated herein as Exhibit "Y" is the affidavit of ROBERT GACUTA containing the required information. Debtor ROBERT GACUTA will appear in open court and testify to the nature and extent of his emotional distress.

29. Because creditor BOA, Mortgage Electronic System's and Ocwen's actions are a willful and wanton violation of 11 U.S.C. § 362(k), punitive damages are appropriate in response to the egregious conduct.

**WHEREFORE**, Debtor prays that this Honorable Court enter an order:

1. Finding BOA, Mortgage Electronic Registrations Systems, and Ocwen, have violated the Automatic Stay under 11 U.S.C. § 362, and for being in civil contempt for such action. They should be required to pay ROBERT GACUTA _____ in actual damages, pay Debra J. Vorhies Levine, of DVL LAW OFFICES, LLC _____ in attorney's fees and costs, and any reasonable amount as the Court sees fit in punitive damages;

2. Finding that the Respondents are enjoined from collecting any fees based upon attendance at status dates; and,

3. For any and all other relief which this Honorable Court deems necessary in the premises.

Respectfully submitted,

**/s/*Debra J. Vorhies Levine***
Debra J. Vorhies Levine

DEBRA J. VORHIES LEVINE
DVL LAW OFFICES, LLC
53 W. Jackson Boulevard, Suite 1001
Chicago, Illinois 60604
(312) 880-0224
ARDC NO.: 6239484

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS; EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: | ) | CHAPTER 13 |
| | ) | |
| ROBERT GACUTA | ) | NO. 09-31485 |
| | ) | |
| Debtor. | ) | Judge A. BENJAMIN GOLDGAR |

### ORDER FINDING BOA. , MORTGAGE ELECTRONIC SYSTEMS, AND OCWEN IN CIVIL CONTEMPT OF COURT & FINDIG DAMAGES PURSUANT TO 11 U.S.C. § 362(k)

THIS MATTER COMING BEFORE THE COURT on Debtor's MOTION SEEKING DAMAGES FOR VIOLATION OF AUTOMATIC STAY UNDER §362(k) & FINDING DEFENDANT IN CIVIL CONTEMPT, all parties present or represented by council, and the Court being fully advised in the premises,

THE COURT HEREBY FINDS:

1. On August 26, 2009, Debtor filed the above captioned voluntary petition for relief under Chapter 13 of the United States Bankruptcy Code.
2. The Court has jurisdiction to hear this matter under 28 U.S.C. §1334, since it arises in this case and is related to it. This proceeding is a core proceeding.
3. Venue is proper pursuant to 28 U.S.C. § 1409(a)
4. Upon the filing of this case and pursuant to 11 U.S.C. §301 an order for relief was entered on August 26, 2009 in this case and pursuant to 11 U.S.C. §362(a) the automatic stay went into effect as a result of the order for relief, which prevents the continuance of any judicial process that is an attempt to collect a debt.
5. This case was confirmed on December 8, 2009.
6. According to the terms of the Chapter 13 plan, a property located at 850 Keystone Circle, Northbrook, IL 60062, (hereinafter is referred to as the "Keystone property) was surrendered.
7. Bank of America Home Loan Services, , ("hereinafter referred to as BOA") located at 450 American Street, Simi Valley, California, 93065-0000, loan number 168863400 sent a letter to the Debtor on August 4, 2012 demanding payment. After that communication, there were no more.

8. According to the bankruptcy documents, the original loan balance was $307,000. However,

(BOA) never filed a proof of claim.

9. On September 9, 2009, a Motion for Relief was filed against the Keystone Property by BOA and the motion was granted on October 6, 2009.

10. Prior to the granting of the Motion for Relief, BOA, on September 22, 2009, transferred the mortgage to Mortgage Electronic Registration Systems, Inc. This transaction is recorded with the Cook County Recorder of Deeds. This is a violation of the Automatic Stay.

11. On October 1, 2010, the mortgage was again transferred to an unknown subject. The Cook County Recorder of Deeds only registers this transaction as a "Contract."

12. On information and belief, Mortgage Electronic Registration systems transferred their loan to Ocwen Loan Servicing, LLC (hereinafter referred to "Ocwen,") sometime before or after the date of BOA's last letter, Ocwen started harassing the Debtor. A letter of transfer to either Mortgage Electronic Registration System's, or to Ocwen was never entered with the Bankruptcy Court.

13. Even before BOA transferred the loan to Mortgage Electronic Systems, Inc, Ocwen, on August 9, 2012 started sending threatening letters to the Debtor and has never stopped since. Attached as Exhibit "A."

14. Ocwen has been informed by my client, on several occasions, that they were surrendering the Keystone property and that he was in a Chapter 13 Bankruptcy.

15. The communications from the client did not stop Ocwen from continuing to harass them by sending communications in the mail. They continued to send threatening letters to the Debtor on August 14, 2012, attached as Exhibit "B," August 15, 2012, attached as Exhibit "C," August 19, 2012, attached as Exhibit "D," September 17, 2012, attached as Exhibit "E," October 13, 2012, attached as Exhibit "F," October 27, 2012 attached as Exhibit "G", November 3, 2012, attached as Exhibit "H", November 19, 2012, attached as Exhibit "I," December 5, 2012, attached as Exhibit "J, December 6, 2012, attached as Exhibit "K," December 17, 2012, attached as Exhibit "L" January 17, 2013, attached as Exhibit "M" January 23, 2013, attached as Exhibit "N," February 1, 2013, attached as Exhibit "O," February 18, 2013, attached as Exhibit "P," February 26, 2013, attached as Exhibit "Q," and February 27, 2013, attached as Exhibit "R."

16. It is practically impossible that Ocwen did not know that the Debtor was in the middle of a Chapter 13 bankruptcy. Either they turned their heads and did not consider the potential bankruptcy or did not even question either BOA or Mortgage Electronic Systems as to the state of the mortgage or that the property in question was in bankruptcy.

17. My client claims that he disputed the claim of BOA with all three credit reporting agencies, the report was removed. Subsequently his credit started to improve. He checks his credit on a regular basis. Then on February 14. 2013, my client received an alert that a new creditor, in this case Ocwen, filed a report with the credit reporting agencies. An updated credit report showed that his credit had declined.

18. Our office was just recently informed by our clients of the continuing harassment by Ocwen; As a result, Ocwen was notified by fax by sending a copy of the Automatic Stay to Ocwen, attached as Exhibit "S."

19. When the client originally filed bankruptcy, his credit score was 506, see the copy of his original credit report attached as Exhibit "T." After that his credit continued to rise. We cannot get evidence of all of the prior credit reports, but we do have the most recent ones. Experian, shows a credit score of 588, Equifax shows a credit score of 575, and Transunion shows a credit score of 634, see Exhibit "U." It is interesting that Transunion has the highest credit score and has Ocwen has never filed a collection notice with them. The credit score reflected by Transunion is 128 points higher than when the client first filed bankruptcy.

20. Debtor has also incurred the stress and worry associated with the continued threats by Ocwen, and their transmittal to the credit reporting agencies that they had an outstanding debt. This client fears that the debt from Ocwen would not be discharged in his bankruptcy.

21. Debtor has continued to incur expenses, including attorney's fees and costs, and have caused him and his wife to incur additional anxiety.

22. All of said allegations are a violation of the order for relief entered upon filing the bankruptcy case pursuant to 11 U.S.C. § 362.

23. By violating the order for relief, Ocwen, Mortgage Electronic Systems, and BOA have all violated the Automatic Stay in one form or another and should be held in civil contempt of this Court.

24. Debtor is close to the conclusion of his case and would like this issue settled forever.

25. In addition, Debtor's attorney, Debra J. Vorhies Levine, of DVL LAW OFFICES, LLC

has had to expend 13 hours and 45 minutes of work TO DATE preparing affidavits and motions and appearing before the court. Debtor's attorney regularly charges $250 per hour for her services, outside of the regular flat fee representation restrictions. Additionally, Debtor's attorney has expended certain reasonable costs associated with the case in the amount of _____. An itemization of attorney time will be brought as a Motion for Damages should the Court rule in Debtor's favor.

26. Pursuant to Local Rule 9020-1, an award of reasonable attorney's fees and costs are proper where a party is found in civil contempt.

27. Therefore, this Court should sanction BOA, Mortgage Electronic Systems, and Ocwen for a willful and wanton violation of the Automatic Stay. Any motion for civil contempt must include an affidavit of the Debtor, stating the facts behind the request for civil contempt and the itemized monetary amount by which the Debtor was damaged.

28. Attached hereto and incorporated herein as Exhibit "Y" is the affidavit of ROBERT GACUTA containing the required information. Debtor ROBERT GACUTA will appear in open court and testify to the nature and extent of his emotional distress.

29. Because creditor BOA, Mortgage Electronic System's and Ocwen's actions are a willful and wanton violation of 11 U.S.C. § 362(k), punitive damages are appropriate in response to the egregious conduct.

                                              **A. BENJAMIN GOLDGAR**

                                              ENTER:

DEBRA J. VORHIES LEVINE
DVL LAW OFFICES, LLC
53 W. Jackson Boulevard, Suite 1001
Chicago, Illinois 60604
(312) 880-0224
ARDC NO.: 6239484

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS; EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: | ) | CHAPTER 13 |
| | ) | |
| ROBERT GACUTA | ) | NO. 09-31485 |
| | ) | |
| Debtor. | ) | Judge A. BENJAMIN GOLDGAR |

### AFFIDAVIT BY ROBERT GACUTA

My name is Robert Gacuta, and if called into court under penalty of perjury, I would testify, that the following is true and correct:

1. On August 26, 2009, Debtor filed the above captioned voluntary petition for relief under Chapter 13 of the United States Bankruptcy Code.
2. The Court has jurisdiction to hear this matter under 28 U.S.C. §1334, since it arises in this case and is related to it. This proceeding is a core proceeding.
3. Venue is proper pursuant to 28 U.S.C. § 1409(a).
4. Upon the filing of this case and pursuant to 11 U.S.C. §301 an order for relief was entered on August 26, 2009 in this case and pursuant to 11 U.S.C. §362(a) the automatic stay went into effect as a result of the order for relief, which prevents the continuance of any judicial process that is an attempt to collect a debt.
5. This case was confirmed on December 8th 2009.
6. According to the terms of the Chapter 13 plan, a property located at 850 Keystone Circle, Northbrook, IL 60062, (hereinafter is referred to as the "Keystone property) was surrendered.
7. Bank of America Home Loan Services, , ("hereinafter referred to as BOA") located at 450 American Street, Simi Valley, California, 93065-0000, loan number 129169959 sent a letter to the Debtor on August 4, 2012 demanding payment. After that communication, there were no more communications.
8. According to the bankruptcy documents, the original loan balance was $240,000. However, (BOA) never filed a proof of claim.
9. On September 9, 2009, a Motion for Relief was filed against the Keystone Property by

BOA and the motion was granted on October 6, 2009.

10. Prior to the granting of the Motion for Relief, BOA, on September 22, 2009, transferred the mortgage to Mortgage Electronic Registration Systems, Inc. This transaction is recorded with the Cook County Recorder of Deeds. This is a violation of the Automatic Stay.

11. On October 1, 2010, the mortgage was again transferred to an unknown subject. The Cook County Recorder of Deeds only registers this transaction as a "Contract."

12. On information and belief, Mortgage Electronic Registration systems transferred their loan to Ocwen Loan Servicing, LLC (hereinafter referred to "Ocwen,") sometime before or after the date of BOA's last letter, Ocwen started harassing the Debtor. A letter of transfer to either Mortgage Electronic Registration System's, or to Ocwen was never entered with the Bankruptcy Court.

13. Even before BOA transferred the loan to Mortgage Electronic Systems, Inc, Ocwen, on August 9, 2012 started sending threatening letters to the Debtor and has never stopped since. Attached as Exhibit "A."

14. Ocwen has been informed by my client, on several occasions, that they were surrendering the Keystone property and that he was in a Chapter 13 Bankruptcy.

15. The communications from the client did not stop Ocwen from continuing to harass them by sending communications in the mail. They continued to send threatening letters to the Debtor on August 14, 2012, attached as Exhibit "B," August 15, 2012, attached as Exhibit "C," August 19, 2012, attached as Exhibit "D," September 17, 2012, attached as Exhibit "E," October 13, 2012, attached as Exhibit "F," October 27, 2012 attached as Exhibit "G", November 3, 2012, attached as Exhibit "H", November 19, 2012, attached as Exhibit "I," December 5, 2012, attached as Exhibit "J, December 6, 2012, attached as Exhibit "K," December 17, 2012, attached as Exhibit "L" January 17, 2013, attached as Exhibit "M" December January 23, 2013, attached as Exhibit "N," February 1, 2013, attached as Exhibit "O," February 18, 2013, attached as Exhibit "P," February 26, 2013, attached as Exhibit "Q," and February 27, 2013, attached as Exhibit "R."

16. It is practically impossible that Ocwen did not know that the Debtor was in the middle of a Chapter 13 bankruptcy. Either they turned their heads and did not consider the potential bankruptcy or did not even question either BOA or Mortgage Electronic Systems as to the state of the mortgage or that the property in question was in bankruptcy.

17. My client claims that he disputed the claim of BOA with all three credit reporting agencies, the report was removed. Subsequently his credit started to improve. He checks his credit on a regular basis. Then on February 14. 2013, my client received an alert that a new creditor, in this case, Ocwen, filed a report with the credit reporting agencies. An updated credit report showed that his credit had declined.

18. Our office was just recently informed by our clients of the continuing harassment by Ocwen. As a result, Ocwen was notified by fax by sending a copy of the Automatic Stay, attached hereto and incorporated herein as Exhibit "S."

19. When the client originally filed bankruptcy, his credit score was 506, see the copy of his original credit report attached as Exhibit "T." After that his credit continued to rise. We cannot get evidence of all of the prior credit reports, but my client does have the most recent ones. Experian, shows a credit score of 588, Equifax shows a credit score of 598, and Transunion shows a credit score of 634, see Exhibit "U." It is interesting that Transunion has the highest credit score and Ocwen has never filed a collection notice with them. The credit score reflected by Transunion is 128 points higher than when the client first filed bankruptcy.

20. Debtor has also incurred the stress and worry associated with the continued threats by Ocwen, and their transmittal to the credit reporting agencies that they had an outstanding debt. This client fears that the debt from Ocwen would not be discharged in his bankruptcy.

21. Debtor has continued to incur expenses, including attorney's fees and costs, and have caused him and his wife to incur additional anxiety.

22. All of said allegations are a violation of the order for relief entered upon filing the bankruptcy case pursuant to 11 U.S.C. § 362.

23. By violating the order for relief, Ocwen, Mortgage Electronic Systems, and BOA have all violated the Automatic Stay in one form or another and should be held in civil contempt of this Court.

24. Debtor is close to the conclusion of his case and would like this issue settled forever.

25. Therefore, this Court should sanction BOA, Mortgage Electronic Systems, and Ocwen for a willful and wanton violation of the Automatic Stay. Any motion for civil contempt must include an affidavit of the Debtor, stating the facts behind the request for civil contempt and the itemized monetary amount by which the Debtor was damaged.

26. Because creditor BOA, Mortgage Electronic System's and Ocwen's actions are a willful

and wanton violation of 11 U.S.C. § 362(k), punitive damages are appropriate in response to the egregious conduct.

AFFIANTS FURTHER SAYETH NAUGHT.

*[signature]*

Signature of Affiant

Robert Gacuta                               Dundee Road, Northbrook, IL  60062

Printed Name of Affiant                     Address of Affiant

Subscribed and sworn before me, this __2nd__ day of __April__ 2013

Notary Seal

*[signature]*

Signature of Notary

Debra V. Levine

Printed Name of Notary

My Commission expires on __11/9/15__ 2013

OFFICIAL SEAL
DEBRA V LEVINE
Notary Public - State of Illinois
My Commission Expires Nov 9, 2015