# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS; EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: | ) | CHAPTER 13 |
| | ) | |
| ROBERT GACUTA, | ) | NO. 09-31485 |
| | ) | |
| Debtors. | ) | Judge BRUCE W. BLACK |

**NOTICE OF MOTION**

**F I L E D**
UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS

MAR 16 2015

JEFFREY P. ALLSTEADT, CLERK
PS/PREP. - DDS

TO: ROBERT GACUTA, 10337 S. Avenue M, Chicago, IL 60617
Marilyn O. Marshall, 224 South Michigan Avenue, Suite 800, Chicago, IL 60604
Office of the U.S. Trustee, Region 11, 219 South Dearborn Street, Room 873, Chicago, IL 60604

PLEASE TAKE NOTICE that I shall appear before the Honorable BRUCE W. BLACK or any other judge sitting in his place and stead at the Federal Courthouse, located at 219 S. Dearborn Street, Chicago, IL in Courtroom 715 on March 18, 2015 at 11:00 a.m. and then and there present the attached Motion.

*Debra J. Vorhies Levine*
_____
*Debra J. Vorhies Levine*
DEBRA J. VORHIES LEVINE

## AFFIDAVIT OF SERVICE

The undersigned attorney hereby certifies that (s)he served a copy of the attached motion and this Notice of Motion on the above named person(s) by placing a copy of same in an envelope addressed as stated above, postage prepaid, and placing same in the U.S. Mail on March 14, 2015 before 5:00 p.m.

*Debra J. Vorhies Levine*
_____
*Debra J. Vorhies Levine*
DEBRA J. VORHIES LEVINE

DEBRA J. VORHIES LEVINE
638 W. Grace Street
Chicago, Illinois 60613
(312) 259-5970
ARDC NO.: 6239484

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS; EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: | ) | CHAPTER 13 |
| | ) | |
| ROBERT GACUTA, | ) | NO. 09-31485 |
| | ) | |
| Debtors. | ) | Judge BRUCE W. BLACK |

F I L E D
UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
MAR 16 2015
JEFFREY P. ALLSTEADT, CLERK
PS REP. - DDS

## MOTION TO VACATE ORDER FINDING COUNSEL IN CIVIL CONTEMPT AND ORDER REQUIRING DISGORGMENT OF ATTORNEY FEES RULE UNDER RULE 60(b)

NOW COMES, Debra V. Levine *pro se,* and moves to Vacate Order Finding Counsel in Civil Contempt and Order Requiring Disgorgement of Attorney Fees Under Rule 60(B), and in support thereof avers as follows:

1. On August 26, 2009 the above captioned Debtor filed the above captioned voluntary petition for relief under Chapter 13 of the United States Bankruptcy Code.

2. On January 9, 2007 Debtors' case was confirmed.

3. Robert Gacuta is not prejudiced by this motion because he has received a discharge. Furthermore, during the course of my representation, I filed a Motion for Sanctions against Wells Fargo, won, and the Debtor received $10,000 for him. I did my job and the Debtor benefited from my representation to the point at which any money he paid me for representing him was surely more than compensated for during the course of the representation. Furthermore, the Debtor elected to file his own motion, *pro se* to sell real estate without my knowledge.

4. Debtor had called Debra V. Levine and asked her to file a motion to sell real property.

5. Debra V. Levine knew that Debtor had completed his Trustee payments and that Robert Gacuta was

ready for a Chapter 13 discharge and told him to wait until the Discharge was entered.

6. Debra V. Levine had spoken to Robert Gacuta's wife, and the couple's real estate agent on several occasions and stated that Robert Gacuta was ready for a discharge.

7. Subsequently I appeared in front of Judge Goldgar on December 2, 2014 on a Motion for Sanctions. Judge Goldgar stated that Debtor had filed his own motion and that he had denied it because Debtor would not have the advantage of the strip-down on the real estate without a discharge. This was the first time I heard about Debtor's *pro se* motion.

8. Orders were entered requiring Debra V. Levine, Debtor's attorney to disgorge fees in the amount of $800.00, and finding me in Counsel in Civil contempt. Copies of these orders are attached as Exhibits A and B.

9. On December 10, 2014, I was evicted from my office and all of my computers were down. I had to quickly get all of my possessions and client files out of my office. I did not knowingly or willingly disobey any court order.

10. I am filing this motion in good faith, and only delayed because I was not sure whether I would violate any existing Court Order.

WHEREFORE, Debra V. Levine prays that this Honorable Court Vacate both the:

1. Order Finding Counsel in Civil Contempt.

2. the Order Requiring Counsel to Disgorge Fees.

Respectfully submitted,

*Debra J. Vorhies Levine*

Debra J. Vorhies Levine

DEBRA J. VORHIES LEVINE
638 W. Grace Street
Chicago, Illinois 60604
(312) 259-5970
ARDC NO.: 6239484

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 13 |
| | ) | |
| ROBERT GACUTA, | ) | No. 09 B 31485 |
| | ) | |
| Debtor. | ) | Judge Goldgar |

## ORDER (1) FINDING CONTEMPT PURGED AND
## (2) REQUIRING COUNSEL TO DISGORGE ATTORNEY'S FEES

This matter came before the court pursuant to the court's section 329 order dated November 25, 2014, as well as the order of civil contempt dated December 2, 2014. For the reasons stated on the record, IT IS HEREBY ORDERED:

1. Debra J. Vorhies Levine having appeared before the court, the court finds the contempt purged.

2. Ms. Levine is ordered to refund to the debtor $800 in attorney's fees. Payment must be made with certified funds or a cashier's check and must be sent to the debtor no later than 14 days from the date of this order.

3. No later than 21 days from the date of this order, Ms. Levine must file with the court an affidavit attesting that she sent the payment to the debtor in accordance with this order and providing the date of mailing. A copy of the check must be attached to the affidavit.

4. Failure to comply with this order will be deemed civil contempt.

5. A copy of this order will be sent to the debtor, Ms. Levine (at her last known business address as shown on the docket), and the U.S. Trustee by regular mail.

Dated: December 30, 2014

A. Benjamin Goldgar
United States Bankruptcy Judge

*Exhibit A*

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 13 |
| | ) | |
| ROBERT GACUTA, | ) | No. 09 B 31485 |
| | ) | |
| Debtors. | ) | Judge Goldgar |

## ORDER ENFORCING CIVIL CONTEMPT ORDER

This matter came before the court for hearing concerning the court's order dated December 2, 2014. In that order, the court held Debra J. Vorhies Levine, counsel for the debtor, in contempt for failing to appear in response to the court's order dated November 24, 2014, and set a hearing for December 16 to purge the contempt. In the November 24 order, the court had ordered Levine to appear and and show cause pursuant to 11 U.S.C. § 329 why she should not be denied compensation for services in this case and forced to disgorge to the debtor any compensation she has received.

Just as she failed to appear on December 2 in response to the November 24 order, Levine failed to appear on December 16 in response to the December 2 order. Accordingly, IT IS HEREBY ORDERED:

1. The United States Marshal's Service must attach the body of Debra J. Vorhies Levine until she purges himself of the contempt by complying with the December 2, 2014, order.

2. Upon effecting the attachment, the United States Marshal's Service must immediately bring Levine before Judge Goldgar or, in the event he is not holding court, before the Emergency Bankruptcy Judge. If neither Judge Goldgar nor the Emergency Judge is available at the time the United States Marshal's Service arrests Levine, the United States Marshal's Service is authorized

Exhibit B

to hold her at the Metropolitan Correctional Center or such other federal facility as is convenient and thereafter to bring him before the court when the court can hear this matter. **Processing fee is waived.**

3. A copy of this order will be mailed to the debtor, to Levine at her last known business address, and to the U.S. Trustee by regular mail.

Dated: December 16, 2014

                                      A. Benjamin Goldgar
                                      United States Bankruptcy Judge